IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CRAIG MATOSICH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WRIGHT MEDICAL GROUP, INC., WRIGHT MEDICAL TECHNOLOGY, INC., and DOES 1-10,<br><br>　　　　　　Defendants. | CV 19-16-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

Before the Court is Defendant Wright Medical Group, Inc.'s Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction. For the reasons discussed, the Court recommends the motion be granted without prejudice.

**I. Background**

Plaintiff Craig Matosich resides in Missoula, Montana. In 2008, after arthritis in his right hip began limiting his activities, Matosich underwent a surgical procedure for a total hip replacement. The procedure involved the implant of medical products identified as the Profemur neck and Profemur Z femoral stem, a Conserve Head and a Conserve Cup. Matosich alleges the products were all designed, manufactured and sold by both Defendants Wright Medical Group, Inc. and Wright Medical Technology, Inc.

1

On September 4, 2017, Matosich's "right leg suddenly gave out[,]" and he fell to the floor in his house. (Doc. 1 at ¶ 18.) He alleges it was subsequently determined that the medical products surgically implanted to replace his hip in 2008 had failed – the femoral neck product had broken. He then underwent a lengthy surgical procedure to repair and replace the broken hip components.

Matosich alleges Defendants are liable for the failure of the medical products he received in the 2008 hip replacement surgery. In his complaint he advances several causes of action under Montana law. He asserts subject matter jurisdiction over this action is predicated upon diversity of citizenship, and that the requisite amount in controversy is satisfied, all as provided in 28 U.S.C. § 1332.

Matosich alleges Wright Medical Group is a corporation organized under the laws of the State of Delaware, with its a headquarters and principal place of business in the State of Tennessee. And he alleges Wright Medical Technology, Inc. is a subsidiary of Wright Medical Group which was also incorporated under the laws of the Delaware with its principal place of business in Tennessee. But Wright Medical Group contends it has no contacts with the State of Montana sufficient to support the existence of this Court's personal jurisdiction over it and, therefore, it moves for dismissal. For the reasons discussed, the Court agrees.

## II. Applicable Law

The Federal Rules of Civil Procedure permit a defendant to move to dismiss

for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In responding to the motion, the plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The court may consider affidavits and written discovery material to decide the personal jurisdiction issue raised in a motion to dismiss. *Davis v. American Family Mutual Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988). Where a motion to dismiss is analyzed based only upon written materials rather than an evidentiary hearing, then "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Ranza*, at 1068 (citation and quotation omitted). Although the plaintiff may not simply rest on the bare allegations in the complaint, the court must accept uncontroverted allegations in a pleading as true, and conflicts between competing statements in affidavits must be resolved in the plaintiff's favor. *Id.* (citation and quotation omitted); *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

### III. Discussion

In a case predicated upon diversity of citizenship jurisdiction, to exercise personal jurisdiction over a non-resident defendant the "court must make the following determinations: (1) whether an applicable state rule or statute confers personal jurisdiction over the defendant; and (2) whether assertion of jurisdiction comports with constitutional principles of due process." *Signal Peak Energy, LLC*

*v. Generon IGS, Inc.*, 2018 WL 5309820, *3 (D. Mont. 2018) (citing *Data Disk, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977)). Under the first prong, generally federal courts apply applicable state law in determining the bounds of their personal jurisdiction over a defendant. *Ranza*, 793 F.3d at 1068.

In response to Wright Medical Group's motion Matosich does not identify and argue a specific state statute or rule which confers personal jurisdiction. Therefore, the Court will proceed to consider whether a finding of personal jurisdiction over Wright Medical Group comports with due process under the United States Constitution.

In general, federal due process principles require that to have personal jurisdiction over a particular defendant the defendant must "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Depending upon the extent of the minimum contacts, two forms of personal jurisdiction may exist: general and specific. *Picot*, at 1211. General personal jurisdiction may exist where a defendant's affiliations and contacts with the forum state are "so continuous and systematic as to render the foreign corporation at home in the forum State[.]"

*Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015).

Matosich does not argue Wright Medical Group has such continuous and systematic contacts with the State of Montana so as to render it present in Montana for general personal jurisdiction. Thus, jurisdiction can only exist, if at all, under the theory of specific personal jurisdiction.

For specific personal jurisdiction to exist the courts consider a three-part test to assess whether a defendant has sufficient contacts with the forum state as follows:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot*, 780 F.3d at 1211. A plaintiff bears the burden of establishing the first two factors after which point the defendant bears the burden of establishing that the exercise of personal jurisdiction would not be reasonable. *Id*. at 1211-12.

In support of its motion to dismiss, Wright Medical Group filed an affidavit from Amy Reeves who is the Senior Director and Controller employed by Wright Medical Technology, Inc. Reeves' affidavit testimony controverts the basic personal jurisdiction allegations Matosich pled in his complaint.

Reeves confirms Wright Medical Technology is a wholly owned subsidiary

of, and is the operating entity of Wright Medical Group which "was incorporated to act as the parent and holding company for" Wright Medical Technology. (Doc. 17-1 at 2.) She states Wright Medical Group is a corporate entity that is separate from Wright Medical Technology. Wright Medical Group has no employees, "is not registered to do business in Montana, maintains no office or place of business in Montana[,] owns no real property in Montana, and has no clients or employees in Montana." (Doc. 17-1 at 3.) Reeves further states Wright Medical Group "does not advertise, market, or offer services for sale in Montana[,]" and that it "did not and does not design, manufacture, label, market, distribute, sell, or provide warnings related to the hip implant components at issue in Plaintiff's Complaint." (Doc. 17-1 at 4.)

Reeves' affidavit contradicts Matosich's allegations and, therefore, he may not merely rest on his allegations. Instead he must present information demonstrating Wright Medical Group engaged in conduct which purposefully directed its activities or consummated some transaction either with Montana, or with Matosich as a resident in Montana. Alternatively, Matosich must demonstrate Wright Medical Group performed some act by which it purposefully availed itself of the privilege of conducting activities in Montana.

Matosich identifies various items of public information or publicly available press releases regarding Wright Medical Group and Wright Medical Technology.

The referenced public information suggests Wright Medical Group and Wright Medical Technology publicly hold themselves out as one and the same entity. They share a website and a business address. The information also represents that Wright Medical Group did design, manufacture and market the hip implant products at issue in this case. Finally, Matosich identifies various civil litigation actions in which both Wright Medical Group and Wright Medical Technology participated jointly as plaintiffs.

    The Court finds that the information to which Matosich cites does not support personal jurisdiction over Wright Medical Group. Although the information could support the presence of a close relationship between the two entities, and that Wright Medical Group may have been involved in the design, manufacture and marketing of the hip implant products, Matosich has not presented information suggesting Wright Medical Group purposely directed its activities in Montana, or purposely availed itself the privilege of conducting activities in Montana. To the contrary, Reeves' uncontradicted affidavit testimony confirms Wright Medical Group has not engaged in any activity in, or directed at, Montana.

    Matosich requested additional time to conduct discovery relative to the issue of personal jurisdiction over Wright Medical Group, and the Court granted his request. Following his additional discovery, Matosich reported he did not obtain

additional arguments in support of personal jurisdiction over Wright Medical Group. (Doc. 33 at 2.) But Matosich requested an opportunity to revisit the issue if further discovery in this case supports personal jurisdiction. (*Id.*)

## IV. Conclusion

Based on the foregoing, the Court finds that Matosich has failed to make a prima facie showing that either general or specific personal jurisdiction exists over Wright Medical Group. There presently exists no evidence to support the specific jurisdiction factors recited above. Therefore, IT IS RECOMMENDED that Wright Medical Group's motion to dismiss for lack of personal jurisdiction be GRANTED, and that Wright Medical Group be DISMISSED for lack of personal jurisdiction. But the Court recommends the dismissal be without prejudice to permit Matosich to attempt to establish personal jurisdiction in the event further discovery in this case supports it.

DATED this 17th day of July, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge